UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| ROBERT ANDREW MONROE,<br><br>Plaintiff,<br><br>v.<br><br>ROANE COUNTY JAIL,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-166-CEA-MJD |

**<u>REPORT AND RECOMMENDATION</u>**

This case is filed pro se and without prepayment of fees by Plaintiff Robert Andrew Monroe ("Plaintiff"). Currently before the Court are Plaintiff's application to proceed *in forma pauperis* ("IFP") [Doc. 3], and his complaint [Doc. 1], which is subject to screening pursuant to 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff has not stated a proper claim pursuant to applicable § 1915 standards. His claims should be dismissed and his IFP application denied as moot.

## I. STANDARDS

Because Plaintiff is proceeding IFP, the Court is required to screen his complaint before any summons are issued, and to recommend dismissal if the action, or any portion of the action, is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Chase Manhattan Bank Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Federal Rule of Civil Procedure 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not state "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). But it must contain more than mere "labels and conclusions, . . . a formulaic recitation of the elements," or "naked assertions . . . without further factual enhancement." *Id.* at 555, 557 (citations omitted). In other words, the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Stated differently, "the court must be able to draw a 'reasonable inference that the defendant is liable for the misconduct alleged.'" *KSR Int'l Co. v. Delphi Auto. Sys.,* 523 F. App'x 357, 358–59 (6th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678).

In applying these standards, the Court also considers that the pleadings of pro se litigants are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, pro se plaintiffs must abide by "basic pleading standards," and the role of the court is not to "conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (internal quotation marks and citations omitted). "[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity." *Kafele v. Lerner, Sampson, Rothfuss, L.P.A*, 161 F. App'x 487, 491 (6th Cir. 2005).

Finally, federal courts are courts of limited jurisdiction. When presented with a case, federal courts "presume" they lack jurisdiction until the party asserting jurisdiction demonstrates otherwise. *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citing *Bender v. Williamsport Area Sch.*

*Dist.*, 475 U.S. 534, 546 (1986)). If at any time the Court determines it lacks subject matter jurisdiction, the Court "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. ANALYSIS

Plaintiff titles his complaint as a "Complaint for Violation of Civil Rights (42 U.S.C. Section 1983)." [Doc. 1]. Section 1983 is a remedial statute that does not itself create independent substantive legal rights. Rather, the statute simply provides a vehicle by which a person may recover damages for a violation of rights secured to him by federal law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).

To state a claim under Section 1983, a plaintiff is required to show that he has been deprived of a right, privilege, or immunity secured to him by the United States Constitution or other federal law and that the defendants caused the deprivation while they were acting under color of state law. *Gregory v. Shelby Cnty., Tenn.,* 220 F.3d 433, 441 (6th Cir. 2000).

Plaintiff's "Statement of Claim" reads, in its entirety, as follows:

> On 06-18-2025 I was at my sister's when two unknown officers showed up and forcefully abducted me. These officers had on Roane County Sheriff uniforms. Later I found out these officers did not work for Roane County and had no reason to even make an arrest in the county.[1]

[Doc. 1 at Page ID # 3]. He then requests the following relief:

> I would request for Roane County Sheriff's Department to leave my name and family name alone. Also stop harassing and abusing me. I would like to be paid for all the time they have stolen from me because me nor my family can get that time back. I would also request that my hernia be fixed. My identity to be restored. My record cleared and any property in my name returned to me deed/title keys and all. The amount of time stolen has been 38 years. That's my whole life.

[*Id.* at Page ID # 4].

---

[1] When quoting Plaintiff's filings, the Court has made minor changes and corrections without the use of brackets. None of these changes or corrections alter the substance or meaning of Plaintiff's writing.

Plaintiff's complaint is deficient in several ways, beginning with the failure to allege facts sufficient to establish a claim against the named defendant in this case. Specifically, Plaintiff names the Roane County Jail as a Defendant, but the complaint does not allege any facts regarding any acts or omissions that occurred at the facility or carried out by agents of the facility. Rather, the factual allegations of the complaint focus only on a single incident on June 18, 2025, during which two unidentified individuals dressed as Roane County Sheriff's deputies allegedly abducted Plaintiff. The complaint does not shed any light on the alleged interaction, including, but not limited to, the manner in which Plaintiff asserts these individuals detained and transported him, the location and duration of the detention, or the circumstances surrounding his release. Further, the complaint alleges that these individuals were not in fact employed by Roane County, thereby severing any connection between the alleged misconduct and any state actor. Finally, Plaintiff's requested relief involves injuries that seemingly have no connection to the incident on June 18, 2025, including the development of a hernia, a stolen identity, and decades worth of harassment and abuse. The Court simply cannot divine a claim from these bare assertions.

## III. CONCLUSION

For the reasons set forth above, the Court respectfully **RECOMMENDS**[2] this case be **DISMISSED** and Plaintiff's IFP application [Doc. 3] be **DENIED AS MOOT**.

---

[2] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Plaintiff is **NOTIFIED** that the Court will not consider any other kind of motion for relief until after this report and recommendation has been addressed by the presiding District Judge and the screening process under § 1915(e) is complete. Any such motions are subject to being summarily denied.

SO ORDERED.

ENTER:

/s/

MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE