| | | |
|---|---|---|
| ROBERT ANDREW MONROE, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 1:26-cv-166 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| | ) | Magistrate Judge Dumitru |
| ROANE COUNTY JAIL, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

On July 20, 2026, United States Magistrate Judge Mike Dumitru filed a Report and Recommendation [Doc. 9] recommending the Court (1) dismiss this case for failure to state a claim and (2) deny Plaintiff Robert Andrew Monroe's application to proceed *in forma pauperis* [Doc. 3] as moot. Plaintiff has timely objected to the Report and Recommendation. [Doc. 11]. For the reasons that follow, Plaintiff's objections [Doc. 11] will be **OVERRULED**, the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 9] will be **ACCEPTED** and **ADOPTED**, this action will be **DISMISSED**, and Plaintiff's application to proceed *in forma pauperis* [Doc. 3] will be **DENIED AS MOOT**.

### I. BACKGROUND

This appears to be a civil rights case. [*See* Doc. 1 at 2]. Plaintiff sues the Roane County Jail, alleging that:

> On 06-18-2025, I was at my sister's when two unknown officers showed up and forcefully abducted me. These officers had on Roane County Sheriff uniforms. Later, I found out these officers did not work for Roane County and had no reason to even make an arrest in the County.

[*Id.* at 3].[1] And to remedy this alleged misconduct, Plaintiff states:

> I would request for Roane County Sheriff's Department to leave my name and family alone. Also stop harassing and abusing me. I would like to be paid for all the time they have stolen from me because me nor my family can get that time back. I would also request that my hernia be fixed, my identity to be restored, my record cleared, and any property in my name returned to me: deed, title, keys and all. The amount of time stolen has been 38 years. That's my whole life.

[*Id.* at 4].

Plaintiff is seeking to proceed in this matter *in forma pauperis*. [Doc. 3]. Accordingly, the Court is obligated to screen the Complaint and dismiss this action, or any portion thereof, that is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Consistent with the Court's standard practice, the Magistrate Judge conducted this screening and issued a Report and Recommendation regarding the same. [Doc. 9]. In this Report and Recommendation, the Magistrate Judge recommends the Court (1) dismiss this case for failure to state a claim and (2) deny Plaintiff's application to proceed *in forma pauperis* as moot. [*Id.*]. Plaintiff timely objected to the Report and Recommendation, [Doc. 11], and the matter is now ripe for review.

## II. STANDARD OF REVIEW

When a pretrial matter is dispositive of a party's claim or defense, the district judge may refer the matter to the magistrate judge for a report and recommendation. FED. R. CIV. P. 72(b)(1); *see* 28 U.S.C.A. § 636(b)(1)(B). The magistrate judge must recommend a disposition, including, if appropriate, proposed findings of fact. FED. R. CIV. P. 72(b)(1). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected

---

[1] Like the Magistrate Judge, the Court has made minor changes and corrections without the use of brackets when quoting Plaintiff's filings. None of these changes or corrections alter the substance or meaning of Plaintiff's writing.

to." FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make *a de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with further instructions. *Id.*

Furthermore, it is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

### III. ANALYSIS

The Magistrate Judge recommends the Court dismiss this action on the grounds that Plaintiff has "fail[ed] to allege facts sufficient to establish a claim against the named defendant in this case." [Doc. 9 at 4]. More specifically, the Magistrate Judge states that Plaintiff names the Roane County Jail as a Defendant but does not allege any facts relating to this facility or acts carried out by its agents. [*Id.*]. The Magistrate Judge further notes that Plaintiff alleges the individuals who purportedly abducted him on June 18, 2025, "were not in fact employed by Roane

County, thereby severing any connection between the alleged misconduct and any state actor." [*Id.*]. And the Magistrate Judge also highlights that much of Plaintiff's requested relief seemingly has no relation to the alleged June 18, 2025, incident. [*Id.*]. Because of the foregoing, the Magistrate Judge is unable to "divine a claim" from Plaintiff's allegations and therefore recommends that this action be dismissed. [*Id.*].

Plaintiff objects to the recommended dismissal of his claims. His objection, which is reproduced in full below, states the following:

Plaintiff's "Statement of Claim" reads in its entirety as follows:

On 06-18-2025, I was at my sister's when two unknown officers showed up and forcefully abducted me. These officers had on Roane County Sheriff uniforms. Later, I found out these officers did not work for Roane County and had no reason to even make an arrest in the County.

The Policing the Police Act allows the victim of such harassment, batteries, and abductions an immunity to such acts by police.

The Requests for Relief wasn't on the 6-18-2025 alone. There were many other dates and batteries which lead up to the events of that date. Many civil rights along with all 30 human rights have and are being violated. The attacks on me not only affect me but national security as well. This is because of a lack of understanding by mental health people and departments committing what would be called the RICO Act/law and governmental fraud.

[Doc. 11].

This objection, which merely repeats Plaintiff's factual allegations and confirms that Plaintiff seeks relief for incidents other than the June 18, 2025, alleged abduction, is too vague and general to trigger the Court's obligation to review the Report and Recommendation *de novo*. *See VanDiver*, 304 F. Supp. 2d at 937; *Mira*, 806 F.2d at 637. Furthermore, Plaintiff's objection does not even touch on the Complaint's key deficiency as identified by the Magistrate Judge: there is no link between the named Defendant and the alleged conduct underlying Plaintiff's claims.

Plaintiff alleges that individuals wearing Roane County Sheriff's Office uniforms—but,

importantly, not employed by Roane County—abducted him on June 18, 2025. [Doc. 1 at 3]. But rather than sue these individuals, Plaintiff instead sues the Roane County Jail, a facility that, by his own allegations, has no relationship with the alleged abductors. [*See generally id.*]. It should go without saying that a plaintiff cannot sue a defendant for conduct the defendant had no direct or indirect part in. A plaintiff cannot merely pick a random passerby to sue whenever some misfortune befalls him. There must be some kind of connection between the defendant and the alleged misconduct. And here, no such connection exists. Accordingly, Plaintiff has failed to state a claim against the Roane County Jail. His objections must therefore be overruled and this action dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** the following:

1. Plaintiff's Objection to the Report and Recommendation [Doc. 11] are **OVERRULED**;

2. The Court **ACCEPTS** and **ADOPTS** Magistrate Judge Dumitru's findings of fact and conclusions of law as set forth in the Report and Recommendation [Doc. 9];

3. This action is hereby **DISMISSED**; and

4. Plaintiff's application to proceed *in forma pauperis* [Doc. 3] is **DENIED AS MOOT** with no filing fee assessed.

A separate judgment will enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

5